UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-61409-CIV-SMITH/HUNT

PASCALE MENARD,

        Plaintiff,

v.

MALIBU LOVE & CARE HEALTHCARE
AGENCY, INC., ALCIRA JACQUELINE
UBEDA, and GINO RAY PARRAM,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter came before the Court on a Joint Motion to Approve Settlement and Fairness Hearing and Response to an Order to Show Cause. ECF No. 43. The Honorable Rodney Smith referred this case to the undersigned for a Fairness Hearing. ECF No. 9. *See also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned, having reviewed the file, considered the Motion, reviewed the final Settlement Agreement, considered statements of counsel at a fairness hearing conducted on February 14, 2025, and being otherwise fully advised, hereby RECOMMENDS the motion be GRANTED for the following reasons.

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions. *See* 29 U.S.C. § 201, *et seq*. ECF No. 1. Before this Court can dismiss this case and approve a settlement of the FLSA claims, the undersigned must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider

various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV-MOORE, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

The Agreement memorializes a settlement only between Plaintiff and Defendants Malibu Love & Care Healthcare Agency, Inc., and Gino Ray Parram. The Agreement does not include Defendant Alcira Jacqueline Ubeda. In scrutinizing the Parties' Settlement Agreement, this Court considered the above factors, the overall strengths and weaknesses of the Parties' respective positions, and the Parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The undersigned also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the parties explained to this Court the portion of the settlement amount to be paid to Plaintiff and the amount designated for attorney's fees and costs. Accordingly, this Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, this Court reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  Having reviewed the agreement and noting that the Parties jointly recommend approval of the settlement agreement, this Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Accordingly, it is hereby **RECOMMENDED** as follows:

(1)     Joint Motion to Approve Settlement and Fairness Hearing, and Response to Order to Show Cause, ECF No. 43, should be **GRANTED**, the Parties' Settlement Agreement **APPROVED**, and the case **DISMISSED WITH PREJUDICE** as to Defendants Malibu Love & Care Healthcare Agency, Inc., and Gino Ray Parram.

(2)     At the request of the Parties, the Court should retain jurisdiction until December 31, 2026, to enforce a payment plan for the Settlement Agreement.

(3)     A payment plan included in the Settlement Agreement scheduled payments prior to a fairness hearing and approval of the Settlement Agreement.   Any payments due before Court approval should not be due until ten (10) days after Court approval of the Settlement Agreement.

(4)     Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see Thomas v. Arn, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on the 20th day of February 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record